IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ACELA INVESTMENTS LLC, ACELA FIRST INVESTMENTS LLC, ACELA NEW INVESTMENTS LLC, and DR. STEFAN AIGNER, | § § § § § § | No. 280, 2019 |
| | § | Court Below–Court of Chancery |
| Plaintiffs Below– Appellants, | § § | of the State of Delaware |
| | § | C.A. No. 2018-0558 |
| v. | § § | |
| RAYMOND DIFALCO and MANISH SHAH, | § § § § | |
| Defendants Below– Appellees. | § § | |

Submitted:  June 28, 2019
Decided:   July 10, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>**ORDER**</u>

Upon consideration of the notice of interlocutory appeal and the documents attached thereto, it appears to the Court that:

(1)    This appeal arises from a Court of Chancery decision that entered judgment in favor of Raymond DiFalco and Manish Shah and against Acela Investments LLC, Acela First Investments LLC, Acela New Investments LLC, and Stefan Aigner (collectively, "the Aigner Parties") and ordered the dissolution of Inspirion Delivery Services, LLC ("IDS").  The following events led to this ruling.

IDS is the successor to a private pharmaceutical venture co-founded by Shah, DiFalco, and Aigner. Under IDS's LLC agreement, Aigner and DiFalco must perform their duties as Chief Executive Officer and President, respectively, subject to the "advice and consent" of the other. The LLC agreement also entitles either Aigner or DiFalco and Shah, together, to veto any action of its board, subject to another provision of the LLC agreement intended to address conflicts of interest. Over time, the relationship between Aigner and DiFalco deteriorated dramatically.[1] The LLC agreement gave Aigner and DiFalco co-equal management rights, but they vehemently disagreed on issues critical to IDS's success.

(2) The Aigner Parties initiated the underlying lawsuit on July 27, 2018. After amendments, the complaint asserted six claims: (i) breach of fiduciary duty for damages; (ii) fraud; (iii) breach of contract; (iv) declaratory relief; (v) a second claim for breach of fiduciary duty; and (vi) breach of the LLC Agreement and its transparency policy. DiFalco filed three counterclaims and third-party claims seeking the same relief against the Aigner Parties and IDS, respectively: (i) judicial dissolution of IDS under 6 *Del. C.* § 18-802; (ii) appointment of a liquidating trustee under 6 *Del. C.* § 18-803; and (iii) declaratory and injunctive relief. The parties agreed to bifurcate their claims so they would first proceed to trial on the

---

[1] Likewise, relations between Aigner and Shah became strained and Shah ultimately resigned from the board on July 6, 2018. After that time, DiFalco alone held the veto right that Shah and DiFalco originally shared.

Aigner Parties' claim for declaratory relief and DiFalco's three counterclaims ("the Governance Claims").

(3) After a three-day trial held in December 2018 and post-trial briefing, the Court of Chancery issued a ninety-four page written decision on May 17, 2019 ("the Memorandum Opinion"). The Court of Chancery concluded it was not reasonably practical for IDS to carry on its business in accordance with the LLC agreement and judicial dissolution of IDS was warranted. On May 24, 2019, after the parties notified the court that they had selected a liquidating trustee, the court entered an order implementing the Memorandum Opinion ("the Implementing Order"). On May 31, 2019, the Court of Chancery entered an order formally appointing the liquidating trustee ("the Trustee Order").

(4) On June 10, 2019, the Aigner Parties filed in the Court of Chancery a motion for certification of an interlocutory appeal of the Memorandum Opinion, the Implementing Order, and the Trustee Order. The Aigner Parties noted that the dissolution of a Delaware entity was a substantial issue of material importance[2] and argued interlocutory review was appropriate because it would serve the considerations of justice.[3] DiFalco opposed the request for certification of an interlocutory appeal.

---

[2] Del. Supr. Ct. R. 42(b)(i).

[3] Del. Supr. Ct. R. 42(b)(iii)(H).

3

(5)     On June 28, 2019, the Court of Chancery denied the Aigner Parties' application for certification of an interlocutory appeal.  Although the Court of Chancery found that the Memorandum Opinion decided a substantial issue of material importance—that it was not reasonably practical for IDS to carry on its business in accordance with its LLC agreement—it concluded appellate review was not warranted.  The court disagreed with the Aigner Parties' position that appellate review at this time would serve the considerations of justice.  To the contrary, the court found that permitting an interlocutory appeal would create the prospect of piecemeal appeals concerning, at a minimum, the court's (i) rulings contained in the Memorandum Opinion, (ii) approval of a transaction or plan to be recommended by the liquidating trustee, and (iii) disposition of the remaining claims.  The court observed that the Trustee Order explicitly requires that the liquidating trustee obtain the court's approval before consummating a sale process.  The court found it was logical to require the Aigner Parties to wait until a sale process has occurred—but no sale transaction has closed—before pursuing an appeal.[4]  That is, the Court of Chancery concluded that judicial efficiency would be served by requiring that the Governance Claims and the specific remedy for those claims be fully adjudicated before appealed.

---

[4] The court agreed that any of the parties should be afforded the opportunity to pursue appellate review before a sale of IDS is consummated once a proposed transaction or plan has been accepted by the court.

4

(6)     Applications for interlocutory review are addressed to the sound discretion of the Court.[5]  In the exercise of its discretion and giving great weight to the trial court's review, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).   Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] Del. Supr. Ct. R. 42(d)(v).

[6] Del. Supr. Ct. R. 42(b)(ii).

[7] Del. Supr. Ct. R. 42(b)(iii).